UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
XUGUANG CHANG, JUN NING, HAITAO
WANG a/k/a Leo Wang, and CHUAN HUI
WANG, on their own behalf and on behalf of
others similarly situated,

                *Plaintiffs*,

     -against-

CK TOURS, INC d/b/a CK Tours; d/b/a Da
Xing Tours; WIN LI TOURS, INC d/b/a Win Li
Tour; d/b/a Heng Xing Tours; SKYLINER
TRAVEL & TOUR BUS CORP d/b/a Skyliner
Travel; HYON-SAK KIM a/k/a Peter Kim, and
JOANNA LAU a/k/a Kin-Ching Lau,

                *Defendants*.
---------------------------------------------------------------X

18 Civ. 6174 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

On July 7, 2018, Plaintiffs commenced this action against CK Tours, Inc., Win Li Tours, Inc., Skyliner Travel & Tour Bus Corp., Hyon-Sak Kim, and Joanna Lau, asserting claims under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL"). Plaintiffs formerly worked as casino bus tour guides, on buses that traveled from Manhattan or Queens, New York to Foxwoods Resorts Casino in Connecticut. Plaintiffs claim that Defendants failed to pay them minimum wage or overtime wages.

Plaintiffs now move for: (1) conditional certification to proceed as a collective action, under § 216(b) of the FLSA; (2) to compel Defendant to produce information regarding similarly situated employees from July 7, 2015 to present; (3) court-authorized notice; and (4) equitable tolling. Defendants oppose the motion, arguing that Plaintiffs are not similarly situated to the broad proposed collective action members and that the proposed notice must be modified. For the following reasons, the Court GRANTS in part Plaintiffs' motions.

# DISCUSSION

I. **Conditional Certification**

Under § 216(b) of the FLSA, an employee is allowed to "assert claims on behalf of other 'similarly situated' employees." *Myers v. Hertz Corp.*, 624 F.3d 537, 542 (2d Cir.2010). Similarly situated employees are required to "opt-in" by filing a written consent, to become part of the FLSA collective action and to be bound by the judgment. *See id.* Courts have the discretion "to facilitate notice to potential plaintiffs to inform them of the pendency of an action and of their opportunity to opt in as represented plaintiffs." *Jason v. Falcon Data Com, Inc.*, No. 09–CV–03990 (JG)(ALC), 2011 WL 2837488, at *4 (E.D.N.Y. July 18, 2011).

Courts engage in a two-step analysis in deciding whether to certify a collective action under the FLSA. *Myers*, 624 F.3d at 554-55. First, a court determines whether notice should be sent to potential opt-in plaintiffs who may be "similarly situated" to the named plaintiffs, thus conditionally certifying the collective action. *See id.* Plaintiffs' burden at this stage is minimal; Plaintiffs need only make a "modest factual showing" that they and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." *Id.* Plaintiffs can satisfy their burden by showing "there are other employees . . . who are similarly situated with respect to their job requirements and with regard to their pay provisions." *Id.*

Second, following discovery, a court determines whether the "'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers*, 624 F.3d at 555. If the plaintiffs are not similarly situated, then the collective action may be "de-certified" and "the opt-in plaintiffs' claims may be dismissed without prejudice." *Id.*

2

Plaintiffs have established that there are additional potential collective action members who worked as casino tour bus guides through the affidavits of Xuguang Chang, (Dkt. 23-4), Jun Ning (Dkt. 23-5), Haitao Wang, (Dkt. 23-6), and Chuan Hui Wang, (Dkt. 23-7). These affidavits admittedly lack detail regarding the other employees who were allegedly similarly situated to the Plaintiffs—oftentimes describing them by their appearance instead of by full name—but they indicate that there is a broader class of casino tour bus guides who may have been subject to the same allegedly illegal flat compensation policy as Plaintiffs.

Plaintiffs have not, however, made the requisite modest factual showing that employees of Defendants who were not casino tour bus drivers—*i.e.* bus drivers, mechanics, and non-exempt clerks—were similarly situated to Plaintiffs or were victims of a common policy or plan that violated the law. *See Myers*, 624 F.3d at 555. The only statement to support the inclusion of employees who were not tour guides is from Xuguang Chang's affidavit: "Throughout my employment with Defendants I befriended some of the tipped employees, who worked as Drivers and Tour Guides at the Defendants Company, who get the same pay rate as I did and are not paid properly for all the hours worked for the Defendants." (Dkt. 23-4 ¶ 10.) This affidavit goes on to provide support for the assertion that other tour guides were similarly paid, but provides no details about any drivers who were similarly situated. Plaintiffs' complaint, briefs, and affidavits do not state anything further about the Defendants' payment policies for drivers or other non-tour guide employees.

Plaintiffs' sole assertion regarding non-tour guide employees is unsupported, and is insufficient to meet even the modest threshold showing for conditional certification. *See Salomon v. Adderley Indus., Inc.*, 847 F. Supp. 2d 561, 563 (S.D.N.Y. 2012) ("Of course, Plaintiffs cannot rely on unsupported assertions to satisfy the modest factual showing.)"; *see also*

*Garriga v. Blonder Builders Inc.*, CV 17-497 (JMA) (AKT), 2018 U.S. Dist. LEXIS 171887, at *18 (E.D.N.Y. Sept. 18, 2018) ("Plaintiffs' motion for conditional certification as to non-managerial employees . . . fails because Plaintiffs have alleged very little as to the duties of other non-managerial employees.").

The Court GRANTS the motion for conditional certification, but limits the collective to only casino tour bus guides.

## II. Production of Information Regarding Similarly Situated Employees

"To facilitate the notice process, courts routinely order an employer to provide plaintiffs with information regarding potential opt-in plaintiffs." *Salomon*, 847 F. Supp. 2d at 566. Plaintiffs seek this information for employees who worked for Defendants from July 7, 2015— three years prior to the commencement of the litigation—to present. Production of this information is appropriate, given that the statute of limitations under the FLSA would be three years if Plaintiffs can show willfulness. *See Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 369 (S.D.N.Y. 2007) ("Where willfulness is disputed, the court applies the three-year statute of limitations for purposes of certifying a representative action.").

Defendants object to the tolling of the limitations period beyond three years of the date of this Order, but Plaintiffs allege that equitable tolling is necessary to protect the Plaintiffs. The Court adopts the more inclusive date—three years prior to the Complaint—"with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011); *see also Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 n.3 (S.D.N.Y. 2007).

## III. Notice to Members of Putative Class

"Upon authorizing the distribution of notice to potential opt-in plaintiffs, the district court maintains 'broad discretion' over the form and content of the notice." *Johnson v. Carlo Lizza & Sons Paving, Inc.*, 160 F. Supp. 3d 605, 612 (S.D.N.Y. 2016). The proposed notice appropriately explains the lawsuit to prospective collective action members, but for the reasons already stated, is directed at too broad a collective.

The notice should not reference NYLL claims, as Plaintiffs have not sought class certification for their state-law claims. *See id.* Since Plaintiffs do not seek to send notice to potential class members with claims beyond three years, which might be within the NYLL's six-year statute of limitations, there is no need to mention the NYLL claims in the notice. *Cf. Garriga*, 2018 U.S. Dist. LEXIS 171887, at *19-20 ("Multiple courts in the Eastern District, including this Court, have held that in some circumstances where a case involves both NYLL and FLSA claims, it promotes judicial economy to send notice of the lawsuit to all potential plaintiffs at the same time even though some individuals may only have timely NYLL claims.").

Defendants assert that the opt-in period should be 60 day and not 90 days. Plaintiffs have shown no special circumstances warranting an extension of the normal 60-day opt-in period. *See Whitehorn*, 767 F. Supp. 2d at 452.

The notice is otherwise sufficient. Defendants' remaining objections are semantic. In sum, the notice should be amended to (1) be directed only to casino tour bus guides employed by Defendants, (2) remove references to state law claims, and (3) require opt-in plaintiffs to join the action within 60 days of the date of the notice.

## CONCLUSION

The Court GRANTS conditional certification of a collective action consisting of current and former casino bus tour guides employed by Defendants. Plaintiffs are directed to submit an amended notice in accordance with this Order by May 30, 2019.

Dated: New York, New York
      April 26, 2019

SO ORDERED

*/s/ Paul A. Crotty*

PAUL A. CROTTY
United States District Judge