# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW
Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342
41-25 Kissena Blvd., Suite 103, Flushing, New York 11355

October 7, 2022

<u>Via ECF</u>
Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   **Joint Letter Motion Requesting Court Approval of Settlement Agreement**
*XUGUANG CHANG et al. v CK TOURS, INC d/b/a*
*CK Tours d/b/a Da Xing Tours et al., 18-cv-06174*

Dear Judge Crotty:

In accordance with the Court Order dated October 6, 2022, granting a one week extension to the current briefing schedule to file the motion for settlement judgment. *See* Docket Entry No. 149. In brief, Plaintiffs have subsequently received Ms. Joanna Lau's affidavit of confession of judgment and accordingly, the parties move to set forth their views as to why they believe the settlement is fair and should be approved.

**I.   Background**

Plaintiffs XUGUANG CHANG, JUN NING, HAITAO WANG a/k/a Leo Wang, and CHUAN HUI WANG were employed by Defendants CK TOURS, INC d/b/a CK Tours d/b/a Da Xing Tours; WIN LI TOURS, INC d/b/a Win Li Tour d/b/a Heng Xing Tours; and SKYLINER TRAVEL & TOUR BUS CORP d/b/a Skyliner Travel and HYON-SAK KIM a/k/a Peter Kim, and JOANNA LAU a/k/a Kin-Ching Lau, (collectively, "Defendants"),

This lawsuit was originally filed on July 07, 2018, for violations of the Fair Labor Standards Act and New York Labor Law.  Plaintiffs alleged that pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs. Plaintiffs further alleged pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) unpaid "spread of hours" compensation, (4) liquidated damages equal to the sum of unpaid minimum wage, unpaid

Hon. Paul A. Crotty
Page 2

overtime, unpaid "spread of hours," in the amount of twenty five percent under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (6) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs. Defendants deny all of Plaintiffs' claims in its entirety.

## II.    The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the amount of Three Hundred Thirty Thousand Dollars ($330,000.00) (inclusive of Plaintiff's legal fees) is fair and the proposed settlement agreement should be approved. This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsels, and guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiffs claimed that they were not paid at least the minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate. The parties believe for all of the reasons stated in this letter, the <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

The Settlement Agreement is attached hereto as Exhibit 1.

### A. Plaintiffs' Assessment

Plaintiffs' counsel evaluated Plaintiffs' potential damages by discussing with Plaintiffs in great detail the length of their employment, the nature of their work, the hours they worked, and the pay they received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiffs are as follows:

Hon. Paul A. Crotty
Page 3

Plaintiff CHUAN HUI WANG's minimum wage, overtime compensation, spread-of-hour compensation shortfall under the NYLL was $35,793.94. Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and $26,346.89 in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is $107,934.77.

Plaintiff JUN NING's minimum wage, overtime compensation, spread-of-hour compensation shortfall under the NYLL was $56,624.00. Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and $26,346.89 in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is 163,164.69.

Plaintiff HAITAO WANG's minimum wage, overtime compensation, spread-of-hour compensation shortfall under the NYLL was $25,642.63. Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and $18,982.59 in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is $80,267.84.

Plaintiff XUGUANG CHANG's minimum wage, overtime compensation, spread-of-hour compensation shortfall under the NYLL was $11,305.31. Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and $8,125.85 in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is $34,986.47.

Plaintiffs' Damages Calculation is attached hereto as Exhibit 02.

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for the proposed settlement amount of Three Hundred Thirty Thousand Dollars ($330,000.00) inclusive of attorney fees of the Plaintiff's counsel.

### B. Defendants' Assessment

Hon. Paul A. Crotty
Page 4

Defendants, for the purposes of settlement negotiation only, accepted as true, Plaintiffs' allegations of period of employment, hours worked and amount of compensation.

Plaintiffs are not entitled to recover compensatory damages under both Fair Labor Standards Act ("FSLA") and the New York Labor Law ("NYLL").  As such, Plaintiffs' double calculation of compensatory damages under FSLA and NYLL is without merit. As for liquidated damages, courts in the Second Circuit have also held that Plaintiff is not entitled to both FSLA and NYLL damages because they serve the same practical purposes in compensating the Plaintiff and deterring wage violations.

However, the Court has the discretion to reduce or deny the liquidated damages if the employer shows that its action was in good faith and that he had reasonable grounds to believe that his act or omission was not a violation of FLSA or willful underpayment under NYLL. Defendants showed that their action was in good faith and there was no willful underpayment.  As such, Defendants are of the position that Plaintiffs are not entitled to any liquidated damages.

### III.    The Attorneys' Fees Are Fair and Reasonable

Defendants will provide Plaintiff with a settlement in the amount of Three Hundred Thirty Thousand Dollars ($330,000.00). Of Net Settlement Amount, One Hundred Thirty Thousand Dollars ($130,000.00), is due to Plaintiffs' attorneys, Troy Law, PLLC, inclusive of out-of-pocket costs expended on Plaintiffs' behalf and Two Hundred Thousand Dollars ($200,000.00) is due to Plaintiffs. This allocation is by consent between Troy Law, PLLC and the Plaintiffs.

Of the $200,000.00 due to Plaintiffs:

- $17,478.00 is due to XUGUANG CHANG;
- $87,541.28 is due to JUN NING;
- $39,643.44 is due to HAITAO WANG; and
- $55,337.28 is due to CHUANHUI WANG.

The Plaintiffs' allocation percentage (significant to the fifteenth digit) is determined as follows: By first finding the sum of compensatory damages for each Plaintiff as the denominator and finding the weight of each Plaintiff's compensatory damages.

The retainer agreements agreed to and signed by Plaintiffs provided that Plaintiffs' counsel could recover Forty Percent (40%) of net recovery of any settlement in addition

Hon. Paul A. Crotty
Page 5

to costs and expenses. Plaintiffs' Counsel seek $130,000, inclusive of costs of $3,128.59. This is slightly less than 40% of the net recovery of $326,87.41, or $130,748.56, which was agreed in writing by each and every Plaintiff. A contemporaneous Time & Billing with itemized expense list is attached (See Exhibit 3).

      For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Respectfully Submitted,

| **TROY LAW PLLC** | **Hang & Associates, PLLC** |
| --- | --- |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| | |
| /s/ John Troy | /s/ |
| John Troy, Esq. | Yongjin Bae, Esq. |
| 41-25 Kissena Blvd., Suite 103 | 136-20 38th Ave., Suite 10G |
| Flushing, NY 11355 | Flushing, New York 11354 |
| Tel.: 718 762 1324 | Tel: (718)353-8588 |