UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
XUGUANG CHANG,
JUN NING,
HAITAO WANG
    a/k/a Leo Wang, and
CHUAN HUI WANG,
*on behalf of themselves and others similarly situated,*
                                        Plaintiffs,
                v.

CK TOURS, INC
    d/b/a CK Tours
    d/b/a Da Xing Tours,
WIN LI TOURS, INC
    d/b/a Win Li Tour
    d/b/a Heng Xing Tours,
SKYLINER TRAVEL & TOUR BUS CORP
    d/b/a Skyliner Travel,
HYON-SAK KIM
    a/k/a Peter Kim, and
JOANNA LAU
    a/k/a Kin-Ching Lau,
                                  Defendants.
------------------------------------------------------------X

Case No. 18-cv-06174 (PAC) (RWL)

[PROPOSED]
ORDER APPROVING
SETTLEMENT

**PAUL A. CROTTY, United States District Judge.**

      This is a case for damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et al.* ("FLSA") and New York Labor Law ("NYLL"). Before the Court is the parties' joint request that the Court approve of their Settlement Agreement, a fully-executed copy of which was submitted on October 7, 2022. (Docket Entry No. 150). A federal court is obligated determine whether the settlement of an FLSA case under the court's consideration is fair and reasonable and the subject of an arms-length negotiation, not an employer's overreaching. *See, Cheeks v. Freeport Pancake House*, 796 F. 3d 199 (2d. Cir. 2015).

      As set forth during the *Cheeks* Hearing Conference on November 3, 2022 at 11:30 a.m., the Court has carefully reviewed the Settlement Agreement as well as the parties' letter. The Court

1

has taken into account, without limitation, prior proceeding in this action; the attendant risks, burdens, and costs associated with continuing the action; the range of possible recovery; whether the Settlement Agreement is the product of arm's length bargaining between experienced counsel or parties; the amount of the attorney's fees; and the possibility of fraud or collusion. Among other attributes of the Settlement Agreement, there are no confidentiality or non-disparagement provisions; the release is narrowly tailored to the allegations of the complaint; and the attorneys' fees are within a fair, reasonable and acceptable range. Considering all the circumstances, the Court finds the Settlement Agreement is fair and reasonable and hereby approved.

The parties have submitted a Stipulation and Order of Dismissal with Prejudice (Docket Entry No. 150 Exhibit 1 which states that the Court will retain jurisdiction for the purpose of enforcing their agreement. In light of this, and in order to effectuate the intent of the parties, this Court will retain jurisdiction over the matter for the sole purpose of enforcing the settlement agreement.

SO-ORDERED

**PAUL A. CROTTY**
**UNITED STATES DISTRICT JUDGE**

Dated:   November ___, 2022
         New York, New York